## ADDINGTON v. ALVA HUDSON – ESSEX SALES CO.

No. 21316. Opinion Filed Dec. 13, 1932.

E. W. Snoddy, for plaintiff in error.

Hadwiger & Hadwiger, for defendant in error.

KORNEGAY, J. This is a proceeding in error to reverse the action of the district court of Woods county. On the 1st of February, 1928, a petition was filed by the defendant in error for the recovery of the possession of a car. There was an affidavit in replevin, and answer was filed denying generally the statements of the petition. Amended petition was filed on the 13th of December, 1928, which set out in detail the reasons urged by the plaintiff below for the right to possession of the automobile. It appears therefrom that the automobile originally belonged to the plaintiff below, and that an order was made by the defendant below for the car, which order recited that the title to the car should not pass until it was fully paid for.

A promissory note for $400, signed and left with plaintiff below, was due on the 10th of November, 1927. Without paying this note, on the 23rd of November, 1927, the defendant below entered the place of business of the plaintiff, both members of which were nonresidents of the state and neither one present, and while an employee was in charge got possession of the automobile without paying the note or any part thereof, over the protests of the employee in charge at the time. There was a charge in the petition that the car had been driven a good deal since the defendant got hold of it, and he had depreciated it in value. The answer to the amended petition was, "that he denies generally each and every

material allegation in said amended petition contained," and it was unverified.

Both sides made an opening statement, and the theories were a little better developed in the opening statements than in the pleadings. The theory of the plaintiff was about the same in the opening statement as shown by the pleading. The theory of the defendant was somewhat enlarged, and the purport of it was that the defendant traded the car in question in October, 1927, for a Hudson coach, claimed to be a new car, and that the car in question had been put in on the trade at $611, and the old car had been left at the garage a day or two, and that the defendant found out that the car traded him was not a new car, but was a car used as a demonstrating car, and took it back. A statement is made in the record, as follows:

"Now, Mr. Addington took his old car back. Before he took it back they had put new tires on his car. When he got that old car from them it was purchased under a written contract, and the written contract, the evidence will show the terms of that; it was sold on October 25, 1927, for $400, and the terms were that it was to be delivered the first of November, 1927. On the 29th day of October, 1927, he gave them a note for $400, which was the purchase price of the old car, and took his car, as he had a perfect right to do, and no one told him not to, and even if they had, he had a perfect right to take it, because he had rescinded his contract and had turned back the second-handed automobile that they had sold to him for a new automobile, and had demanded back his notes and mortgage that they had taken from him, and he was entitled to return of the car."

A great many objections were raised on the trial, and a great many of the objections to the testimony were overruled, and some sustained. However, the main facts concerning the transaction were allowed to stand, and the making of the order for the repurchase of the car was introduced, apparently without objections save some as to whether a carbon copy should be used or not. The order is as follows:

"Original Order for Automobile.

"Salesman: Dean. Date, 10/25/27. Car: Buick Trg. Price: $400. Extra Equipment. Terms: To be delivered 1st of November, 1927. Deposit: . . . . . Balance to pay when car is delivered: $400.

"That will be your authority to enter my order for the above-described make of automobile at prices herein stated, delivered at the above-named city. It is understood and made a part of this agreement that the title of ownership of the above-described car

does not pass to purchaser until final settlement is made.

"Date accepted:     10/25/27.

"N. E. Addington, Purchaser.

"Not valid until signed 'here by an executive officer of the selling company.

"By D. A. Harmon."

The evidence was that the car was to be left in possession of the defendant in error until it was paid for. It also developed that certain notes were executed, when the Hudson car was bought, that were transferred to an automobile financing company, and that finally they repossessed themselves of the Hudson car that had been sold to the plaintiff in error, in exchange for which the car in controversy had been delivered to the defendant in error.

During the progress of the trial the note that had been signed to represent the purchase price of the car in question was tendered back in open court, and there was a denial of a voluntary rescission. The method of financing the car sales was gone into thoroughly. The plaintiff in error was called by the plaintiff below and testified as to the possession of the car, and redelivery bond was offered in evidence and excluded, and proof was made as to its value, a witness placing it in the neighborhood of $200. There was also offered in evidence the declarations of the plaintiff in error as to how he got possession of the car, which indicated that the claim, put forward in the opening statement as to having gotten it by virtue of a rescission, was not true.

The plaintiff rested and the defendant introduced his evidence. He stated he made the order repurchasing the Buick car that he had traded in on the Hudson, and claimed that the car was paid for by the note, and that no objection was made to his taking the car. He told of the trouble developing in the Hudson. The attorneys contended about the offers, and the court ruled that so far as the transaction and repurchase of the Buick car was concerned, according to the proceedings and the evidence, it made no difference, and, after a good deal of discussion that appears in the record between the attorney and the court concerning general ownership and special ownership and the affidavit in replevin, adjournment was taken to see if one side wanted to amend the petition, and permission was granted to amend the amended petition by striking out one paragraph of it.

The attorney for the plaintiff in error examined the plaintiff in error fully as to the transaction. Finally the claim was made by the plaintiff in error that the Hudson car had broken down two or three times. Objections were made to this, and the court said that it would not get to the jury as a defense. However, the witness went on and stated that that was the reason the note was not paid, and the witness claimed that he received no consideration for the note, and that he did not learn that the plaintiff below claimed any interest in the Buick car until along in March. He was cross-examined very fully and was asked when he returned the Hudson car to the Hudson-Essex people. He detailed about taking the cars out, and it developed he had paid nothing on any of the bills.

Some rebuttal testimony was offered, and a good deal of objection was raised to it, most of which was sustained for various reasons. It does not appear in the record that any request was made for instructions by either side, but the record does show that instruction No. 1 was excepted to by the defendant below, present plaintiff in error, and instruction No. 3 was excepted to by the defendant, and instruction No. 4 was excepted to by the defendant.

A brief has been filed by the plaintiff in error containing a statement of the case and the pleadings and specifications of error, the first being the overruling of the motion for new trial, the second being that the court erred in refusing to permit the plaintiff in error to offer evidence touching the entire transaction, and another assignment is that the court erred in refusing competent, material, and legal evidence offered by the plaintiff in error, touching the consideration given by the defendant in error to plaintiff in error for the automobile sought to be replevied by the defendant in error, and the remaining assignment is that the court erred in finding and holding that the transaction relating to the sale of the Hudson coach had no relation to the transaction resulting in the sale of the Buick automobile, and a discussion is had as to the circumstances surrounding the sale. Complaint is made that, under the general denial in replevin, the defendant could make any defense which would defeat the plaintiffs' right to possession as against the defendant, and several cases are cited upon the proposition, and as to what can be settled in such case. Some comment is made upon the proposition of special or general ownership.

The counter brief sets out the opposite contention, and the various points that were allowed to be brought out. Several cases are cited to the proposition that this court has held that, in a jury trial, this court will not reverse where there is evidence to

sustain the finding, and extracts from various cases are taken, and the necessity for framing pleadings to meet the issues. It is stated that instructions were not excepted to. However, the record shows, not in typewriting, however, that there were exceptions to instructions made by the defendant, who is the present plaintiff in error.

As applied to this case, necessarily the question was as to whether or not the taking possession of the automobile when it was on the floor of the automobile company's place of business was warranted. The court practically allowed full testimony as to that, and a great deal of repetitions, though the court was apparently positive that under the evidence the question of the original trade passed out of it.

The statutory provisions here applicable on the subject of reversals are embraced in sections 252 and 3206, O. S. 1931, as follows:

"252. Immaterial Errors to be Disregarded. The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial right of the adverse party; and no judgment shall be reserved (sic) or affected by reason of such error or defect."

"3206. Harmless Error no Cause for Reversal of Either Civil or Criminal Case. No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

We do not believe that on another trial the verdict in the case would be different from what it is, and we think that a review of the testimony that was here offered is convincing that, under the written order, which was the foundation of the right of the plaintiff in error to the automobile, he had no right to it until he paid for it, and that the court did not commit reversible error in endeavoring to confine the testimony to the method pursued by him in obtaining the car.

While it is true that a great many things can be offered under the rulings of the court in a replevin case, we think that, where the pleader contents himself with a general denial and unverified, he has not much ground of complaint if the trial court, in the exercise of its discretion, confines him strictly to what he can establish under a general denial, and we further think in this case that no reversible error, prejudicial to the rights of the plaintiff, has been committed.

The case is accordingly affirmed.

LESTER, C. J., CLARK V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, J., absent.